**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 04-1834**

―――――――――――

In Re:  ERN, LLC,

Debtor.

---------------------------

BARON FINANCIAL CORPORATION,

Appellant,

versus

RONY NATANZON,

Party in Interest - Appellee,

and

LAWRENCE D. COPPEL,

Trustee - Appellee,

and

UNITED STATES TRUSTEE FOR THE DISTRICT OF MARYLAND,

Trustee.

No. 04-1951

In Re:  ERN, LLC,

Debtor.

---------------------------

BARON FINANCIAL CORPORATION,

Appellant,

versus

RONY NATANZON; ACQUISITION, LLC,

Parties in Interest - Appellees,

and

LAWRENCE D. COPPEL,

Trustee - Appellee,

and

UNITED STATES TRUSTEE FOR THE DISTRICT OF
MARYLAND,

Trustee.

Appeals from the United States District Court for the District of
Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge.
(CA-04-2111-MJG; BK-04-20521)

- 2 -

Submitted:  January 12, 2005          Decided:  January 31, 2005

───────────────

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Brooke Schumm, III, David Bart Goldstein, DANEKER, MCINTIRE, SCHUMM, PRINCE, GOLDSTEIN, MANNING & WIDMANN, PC, Baltimore Maryland, for Appellant.  Joel I. Sher, Paul M. Sandler, Robert B. Levin, SHAPIRO, SHER, GUINOT & SANDLER, Baltimore, Maryland; Bradley J. Swallow, GORDON, FEINBLATT, ROTHMAN, HOFFBERGER & HOLLANDER, LLC, Baltimore, Maryland, for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Baron Financial Corporation appeals from the district court's orders: (1) denying its motion for stay pending appeal (No. 04-1834); and (2) affirming the bankruptcy court's order authorizing the sale of the debtor's assets in the underlying bankruptcy proceeding (No. 04-1951). Because the assets have been transferred in accordance with the bankruptcy court's order and Baron Financial has failed to obtain a stay pending appeal, we grant the motion to consolidate these appeals and dismiss the appeals as moot. See 11 U.S.C. § 363(m) (1994); Willemain v. Kivitz, 764 F.2d 1019, 1021-24 (4th Cir. 1985) (holding that sale of property to secured creditor while appeal was pending rendered appeal moot); see also In re Stadium Mgmt. Corp., 895 F.2d 845, 847 (1st Cir. 1990) ("absent a stay, the court must dismiss a pending appeal as moot because the court has no remedy that it can fashion even if it would have determined the issues differently"). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED